IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSEPH L. PERRY                                                                                          PLAINTIFF

vs.                                            CASE NO. 2:04CV207GH

UNITED STATES POSTAL SERVICE, ET AL.                                            DEFENDANTS

## ORDER

Plaintiff filed this action pro se alleging that he was discriminated on the bases of his race, color, sex, age and in retaliation for filing previous charges of discrimination when he was denied employment with the United States Postal Service (USPS). Named as defendants are John Potter, Postmaster General of the USPS, Cari Dominguez, Chairperson of the U.S. Equal Employment Opportunity Commission (EEOC), the National Association of Letter Carriers (NALC), the American Postal Workers Union (APWU) and the National Rural Letter Carriers Association (NRLCA).

This case is the latest in a line of actions plaintiff has brought concerning the failure of USPS to hire him as a Rural Carrier Associate (RCA).  Defendants have filed motions to dismiss. Counsel was appointed for plaintiff and has filed responses to the motions, with the exception of the EEOC's motion to dismiss.

Plaintiff has, since at least 1987, sought employment with the USPS as a RCA. According to the USPS, applicants for the position take a qualifying examination which is graded by the National Test Administration Center (NTAC). The NTAC enters the scores on register cards and returns the cards to the postal installation that initiated the examination. The register cards are arranged by Veterans preference and test score, highest to lowest. When a vacancy occurs, the register cards of the

-1-

three top scorers are pulled. Applicants retain eligibility for twenty-four months following when their names are placed on the register unless a request for an extension is made in writing during the last six months of eligibility.

Plaintiff took the entrance exam and was first placed on the active register on April 17, 1987. Plaintiff took another postal entrance exam on March 20, 1997. The USPS states that plaintiff was issued a notice for a job interview on August 2, 1999, pertaining to a RCA position at the Marianna Post Office. Plaintiff filed a formal EEO complaint on January 25, 2000, in which he alleged that he was not selected in August, 1999, for a RCA position at the Marianna Post Office. He alleged discrimination on the bases of race, color, sex, age and retaliation. He further alleged that he had not been chosen for a number of other positions that have been available not only in Marianna but in other counties. He asked that the January 25, 2005, complaint, No. 4G-720-0010-00, be included with previous complaints filed during 1999, that is case numbers 4G-720-0035-99 and 4G-720-0120-00.

On September 9, 2002, the USPS issued a final agency decision in Case No. 4G-720-0010-00, noting that plaintiff, whose name was first on the worksheet, failed to respond to a Call-In notice with regard to the August, 1999 position at Marianna. The second person refused the position, and the third person, Connie Broadway, an African-American female, was selected.

USPS found that plaintiff had failed to establish a prima facie case of discrimination on the bases of race, color, sex and age and a prima facie case of reprisal. The Final Agency Decision notified plaintiff of his right to appeal to the Office of Federal Operations, EEOC, (OFO) within 30 calendar days of receipt of the decision.

Plaintiff filed an appeal to the OFO and on June 16, 2004, the OFO issued its decision in Case No. 4G-720-0100-00 affirming the agency's final decision. Plaintiff filed a request for reconsideration to OFO on July 19, 2004. On August 26, 2004, OFO

found that the request failed to meet the criteria of 29 C.F.R. § 1614.405(b) [1] and denied plaintiff's request for reconsideration. Plaintiff filed this action on November 29, 2004.

Motion of EEOC to Dismiss

With respect to the EEOC, plaintiff contends that the EEOC violated his due process rights with regard to the handling of the complaints. The EEOC contends that these allegations fail to state a claim against the EEOC. Plaintiff has not responded.

It is clear that the EEOC may not be sued regarding the processing of a discrimination complaint. The jurisdiction of Title VII and the ADEA is limited to actions brought by persons against employers. *See McCottrell v. E. E. O.C.*, 726 F. 2d 350, 351(7th Cir. 1984)) (well settled that Title VII does not provide either express or implied cause of action against EEOC to challenge its investigation and processing of charge); *Adams v. United States E.E.O.C.*, 932 F. Supp. 660, 664 (E. D. Pa. 1996).

Thus, the EEOC's motion to dismiss is granted.

Motions of NRLCA, APWU, AND NALC ("Unions") to Dismiss

The various labor unions have filed motions to dismiss. With regard to the unions, plaintiff alleges that they have entered into contracts

> that allowed USPS employees and union members to manipulate these regulations and agreements to where plaintiff['s] rights under the United States Constitution of Due Process and equal protection are violated and plaintiff['s] rights under the Civil Rights Acts of 1964, Title VII, 42 U.S.C. § 2000e et seq. are violation. Def. USPS employees are allowed under the above labor contracts to pick, choose and hire new employee[s]

---

[1] A party may request reconsideration within 30 days of receipt of a decision of the Commission, which the Commission in its discretion may grant, if the party demonstrates that:
(1) The appellate decision involved a clearly erroneous interpretation of material fact or law; or
(2) The decision will have a substantial impact on the policies, practices or operations of the agency.

29 CFR § 1614.405(b)

> who have not taken or passed postal examinations as plaintiff was required to do in order to be considered for postal employment. These new employee[s] are hired under the cover that they are emergency appointments, noncareer employees (casuals and transitional positrons). Under the positions of rural mail carriers these positions (rural carriers relief (RCR's) Auxiliary Rural Carriers and Rural Carrier Associates (RCA's) are filled from temporary or casual people who have not taken the test and are allowed to apply for positions noncompetitively. This violates plaintiff['s] rights and is a decimator process.

There is no dispute that plaintiff failed to file an EEO complaint against any of the unions or name the unions in his EEO complaint. Thus, plaintiff failed to exhaust his remedies under Title VII and the ADEA., and those claims are dismissed. *See Shannon v. Ford Motor Co.*, 72 F. 3d 678, 685 (8th Cir. 1996). *See also Bright v. LeMoyne College*, 306 F. Supp. 244, 257 (N.D. N.Y. 2004) (claim against union dismissed when employee named only employer as party in EEOC charge) Furthermore, the unions are not state actors and therefore cannot be subject to suit under 42 U.S.C. § 1983. Thus, plaintiff's claim against the unions pursuant to 42 U.S.C. § 1983 is dismissed.

Plaintiff states that the complaint was filed *pro se*, that he now has appointed counsel, and that leave should be granted to file an amended complaint, as least with regard to the conspiracy allegations under 42 U.S.C. § 1985(3). *See Marlowe v. Fisher Body,* 489 F. 2d 1057, 1065 (6th Cir. 1973) . The Court will grant plaintiff leave to file an amended complaint to state a claim against the unions, such amended complaint to be filed within twenty days of the date of this Order. Should plaintiff fail to do so, the Court will dismiss the unions as defendants in this action.

<u>USPS's Motion to Dismiss or in the Alternative Motion for Partial Dismissal</u>

Plaintiff filed EEO complaint 3C-1015-90 on November 17, 1989, alleging that no black had been hired as rural carrier or sub in the Marianna Post Office even though he had taken the test in 1987. His complaint was dismissed with a finding of no discrimination and the OFO affirmed the dismissal. Plaintiff then filed a complaint

-4-

on January 28, 1993, in Federal District Court, Case No. LR-C-93-69, alleging that the USPS failed to hire him as a Rural Carrier in Marianna because of his race and color. On September 27, 1997, Judge Wright granted the USPS's motion for summary judgment and found that plaintiff was not hired because of his test score, not his race. On January 6, 1998, The Eighth Circuit Court of Appeals summarily affirmed the District Court's judgment. (No. 97-4264EALR).

On February 24, 1998, plaintiff filed EEO Complaint 4G-720-0035-99 alleging that he had been continuously denied employment as a RCA in Marianna, West Memphis and Jonesboro because of his race, color and sex since September 1990 up through the date of the complaint.  USPS, on May 3, 1999, issued a final agency decision.  USPS found that plaintiff had raised these claims in previous EEO complaints and before the United States District Court, and dismissed the complaint.

Plaintiff filed EEO complaint number 4G-720-0120-99 on July 29, 1999, asserting that he was denied employment based on race, color, sex, age and retaliation, when on March 18-19,1999 he was denied employment at the West Memphis, Arkansas postal facility, on April 22, 1999,when he was denied employment at the Marianna, Arkansas postal facility, and that USPS's refusal to employ plaintiff was a continuing violation.  USPS, in its final agency decision issued August 25, 1999,  discussed the previous three complaints filed by plaintiff as well as his federal court action.  USPS dismissed the July 29, 1999 complaint because plaintiff had raised the same issues in other EEO complaints and before the United States District Court.

Plaintiff appealed USPS's decision with regard to 4-G-720-0120-99 to the OFO. On August 3, 2001, the OFO affirmed the dismissal, finding that the matters raised in the complaints were encompassed by and elaborations of matters raised in the prior three complaints filed by plaintiff as well as the civil action filed on January 20, 1993. Plaintiff requested reconsideration of OFO's decision and on February 12, 2002, the OFO denied reconsideration.

In its motion, USPS argues that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. USPS argues that rather than file an action in federal court after reconsideration was denied on February 12, 2002, plaintiff chose to file a new EEO complaint on January 25, 2000, raising the same issues. The Court disagrees that dismissal on failure to exhaust grounds is warranted. Here, plaintiff filed a new complaint, raising his non-selection to a position not previously addressed. This current action is timely, brought after plaintiff exhausted his administrative remedies with regard to the January 25, 2000 complaint.

USPS also contends that plaintiff's allegations are barred by res judicata and that his case should be limited to the issues raised in his most recent EEO complaint. It is clear that plaintiff cannot relitigate the specific failure to hire issues raised in the previously dismissed EEO complaints and the federal court action. His time for appealing the previous EEO complaints and filing a civil action based on those complaints has passed. Nevertheless, plaintiff has raised in the January 25, 2000, complaint the allegation that he was denied a position in August 1999. This issue was not raised and addressed in previous complaints. Thus, plaintiff can proceed with his complaint with regard to the August 1999 nonselection.

It is also clear that the doctrine of continuing violations is not applicable to discrete acts of failure to hire. *See National R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Thus, to the extent plaintiff seeks to litigate matters outside the limitations period, he is barred. However, evidence of discriminatory actions outside the limitations may be relevant and admissible as background evidence. *Id.* at 113.

The exclusive remedies for plaintiff's discrimination and retaliation claims are Title VII and the ADEA. *Brown v. GSA*, 425 U.S. 820, 835 (1976); Thus, to the extent plaintiff alleges a cause of action under 42 U.S.C. § 1981, that claim is dismissed. The claim under 42 U.S.C. § 1983 is dismissed as the statute only pertains to state action. As the Court has granted leave for plaintiff to assert a conspiracy claim against

the unions, the Court will not dismiss the conspiracy claim against USPS, but will grant plaintiff leave to include such a claim in his amended complaint. Should he fail to file an amended complaint within the time specified, the conspiracy claim against USPS will be dismissed.

Accordingly, the motion to dismiss of the EEOC (document no. 25) is granted and the EEOC is dismissed from this action; the motion to dismiss of the NRLCA (document no. 19) is granted in part and denied in part; the motion of the NALC to dismiss (document no. 21) is denied as moot; the amended motion of the NALC to dismiss (document no. 23) is granted in part and denied in part; the motion to dismiss of the APWU (document no. 26) is granted in part and denied in part; the motion of the USPS to dismiss or in the alternative the motion for partial dismissal (document no. 32) is granted in part and denied in part.

IT IS SO ORDERED this 25th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE