IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSEPH L. PERRY                                                                              PLAINTIFF

vs.                                              CASE NO. **2:04CV207GH**

UNITED STATES POSTAL SERVICE, ET AL.                              DEFENDANTS

**ORDER**

Plaintiff filed this action alleging that he was discriminated on the bases of his race, color, sex, age and in retaliation for filing previous charges of discrimination when he was denied employment with the United States Postal Service ("USPS").  The Court, on August 25, 2005, granted the motions of the defendant unions to dismiss the claims based on the Age Discrimination in Employment Act ("ADEA"), Title VII, and 42 U.S.C. § 1983.  The Court granted plaintiff leave to amend his complaint to state a claim against the unions, particularly with regard to the conspiracy allegations under 42 U.S.C. § 1985. Plaintiff filed an amended complaint on September 16, 2005, and defendants have filed motions to dismiss.

The National Rural Letter Carriers' Association, the American Postal Workers, and the National Association of Letter Carriers ("the unions") have filed motions to dismiss. USPS has filed a motion for partial dismissal.  In essence, the unions and USPS assert that plaintiff's amended complaint should be dismissed as untimely, and that plaintiff has failed to allege a conspiracy claim against the defendants.  Plaintiff has not responded to the motions to dismiss.

Plaintiff was directed to file an amended complaint within twenty days of the August 25th Order.  Plaintiff filed his amended complaint on September 16, 2005, or two days past the twenty day deadline.  Although the complaint was technically two days late, the Court

-1-

is not of the opinion that it should be dismissed for this minor technicality. The Court will, instead, address the merits of the arguments defendants raise.

In order to state a cause of action under 42 U.S.C. § 1985(3), plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving another of the 'equal protection of the laws, or of equal privileges and immunities under the laws;' (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right. A claim under this part of the section also requires proof of a class-based animus." *Federer v. Gephardt,* 363 F.3d 754 (2004), 757 -758 (8th Cir. 2004)(citations omitted). Moreover, the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement. [H]e can satisfy this burden by 'point[ing] to at least some facts which would suggest that appellees 'reached an understanding' to violate [his] rights.'"*City of Omaha Employees Betterment Ass'n v. City of Omaha,* 883 F.2d 650, 652 (8th Cir. 1989)(citations omitted)

The amended complaint contains the following allegations:

> 19. That the National Rural Letter Carriers Association, American Postal Workers Union and National Association for Letter Carriers conspired with the United States Postal Service in their collective bargaining to violate Title VII of the United States Code which provides for collective bargaining to be non-discriminatory and which requires the number of new hires to be diverse and that said conspiracy was devised in order to make agreements among Defendant Postal Unions and the United States Postal Service in order to allow employees to be hired on a temporary casual and/or transitional basis without taking the Postal Examination. Then, the Union representatives conspired with the Postmasters for the United States Postal Service to allow those transitional casual and temporary employees to take the Postal Examination non-competitively in order to be hired on a permanent basis and, in turn, employees were hired who were less qualified for the positions and said hires were conducted in a discriminatory fashion. That said conspiracy is in violation of 42 U.S.C.A. § § 1985 and 1986.
> . . .
> 21. That employees of the United States Postal Service and representatives of the Defendant Postal Unions, National Rural Letter Carriers Association, American Postal Workers Union and National Association for Letter Carriers, conspired to interfere with the Plaintiff's mail in order to retaliate against him for filing Complaints against the United States Postal Service in regard to his discrimination claims.
> 22. That employees of the United States Postal Service and

representatives of the National Rural Letter Carriers Association, American Postal Workers Union and National Association for Letter Carriers conspired against the Plaintiff by failing to deliver his mail even when they knew where the Plaintiff resided and where his mail box was located.

. . .

26. That the United States Postal Service and representatives of national Rural Letter Carriers' Association, American Postal Workers' Union and National Association for Letter Carriers failed to timely mail the Plaintiff his call in notices thereby resulting in the Plaintiff not been [sic] given enough notice to call in for his interviews. Said acts were acts of conspiracy in violation of 42 U.S.C. A. [§ 1985] The United States Postal Service and representatives of the National Letter Carriers Association, American Postal Workers Union and National Association for Letter Carriers failed to postmark notices of interviews that were mailed to the Plaintiff in order to prevent the Plaintiff from determining the date on which the same was mailed and that said notices were received by the Plaintiff on either the day of the interview or after the date for responding for an interview in order to prevent the Plaintiff from being hired with the United State Postal Service. Said acts were in violation of 42 U.S.C.A. §§ 1981, 1983, 1985 and 1986.

Here, plaintiff is attempting to do indirectly what he cannot do directly; that is state a discrimination claim against defendants. Allegations of a conspiracy to violate Title VII cannot be the basis for a cause of action under 42 U.S.C. § 1985(3). *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979)(Section 1985(3) may not be invoked to redress violations of Title VII). Thus, to the extent plaintiff alleges that defendants conspired to deprive him of his rights under Title VII and the ADEA, the conspiracy claim must be dismissed.

Furthermore, plaintiff has failed to adequately allege the existence of a conspiracy. There are absolutely no facts alleged to demonstrate that the unions entered into any kind of agreement with USPS to deprive plaintiff of his rights. Plaintiff does not set forth with any particularity the individuals involved, any conversations or communications defendants had, the dates of any actions taken by defendants, or the specific actions taken by defendants in furtherance of a conspiracy. Moreover, plaintiff does not allege that the unions had any role in the hiring process.

Plaintiff's allegations regarding a conspiracy are vague and conclusory; they cannot sustain a claim under 42 U.S.C. § 1985(3). As plaintiff has failed to allege a conspiracy claim under § 1985(3), his claim under 1986 must also be dismissed. *See Barstad v.*

*Murray County*, 420 F. 3d 880, 887 (8th Cir. 2005).   Plaintiff has failed to state a claim against the defendant unions and they are hereby dismissed from this action. Additionally, the conspiracy claims against USPS are hereby dismissed.

USPS has also filed a motion to dismiss those claims raised in the amended complaint which were previously dismissed by the August 25th Order. To the extent plaintiff seeks to reassert claims that were previously dismissed, plaintiff is barred from doing so. The Court determined that plaintiff could proceed with his claim regarding the denial of employment as a Rural Carrier Associate in Marianna in August, 1999.

USPS contends that plaintiff, in his amended complaint, now raises a claim that USPS mishandled his EEO complaint and investigation. Plaintiff cannot maintain a claim against USPS for its failure to process the complaint. *See Jordan v. Summers*, 205 F. 3d 337, 342 (7th Cir. 2000); *Keeley v. Small*, 391 F. Supp. 2d 30, 45 (D. D. C. 2005).

Similarly, plaintiff does not have a cause of action against the USPS based on his allegation that USPS interfered with his mail and failed to deliver the mail. *See Pruitt v. United States Postal Serv.*, 877 F. Supp. 807 (E. D. Mo. 1993) (United States is not subject to suit for the loss, miscarriage or negligent transmission of letters or postal matter)

Accordingly, the unions' motions to dismiss are granted and the National Rural letter Carriers' Association, the American Postal Workers, and the National Association of Letter Carriers are hereby dismissed as defendants. USPS's motion for partial dismissal is granted; the conspiracy claims under 42 U.S.C. § § 1985 and 1986 are hereby dismissed as well as claims concerning USPS's mishandling of the EEO complaint and investigation and its interference with the delivery of plaintiff's mail.

IT IS SO ORDERED this 18th day of January, 2006.

*[signature: George Howard Jr]*
UNITED STATES DISTRICT JUDGE