IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSEPH L. PERRY                                                                                    PLAINTIFF

vs.                                            CASE NO. **2:04CV207GH**

JOHN E. POTTER,
POSTMASTER GENERAL.
UNITED STATES POSTAL SERVICE, ET AL.                               DEFENDANT

**ORDER**

Plaintiff filed this action alleging that he was discriminated on the bases of his race, color, sex, age and in retaliation for filing previous charges of discrimination when he was denied employment with the United States Postal Service ("USPS") as a Rural Carrier Associate ("RCA") in Marianna, Arkansas in August, 1999.[1] Pending before the Court is the USPS' motion for summary judgement.

Many of the facts are not in dispute or are not controverted. Plaintiff, born on July 13, 1951, is a black male. He has sought employment as a RCA at a number of places in Arkansas including Marianna, Moro, and at various times at Forrest City, Marvel and West Helena. On August, 1999, there was a vacancy for a RCA position in Marianna. The RCA fills in for the Rural carrier on the route when he or she is not a work. RCAs are not regular, full-time employees. An individual seeking employment as a RCA must take a postal employment examination for RCAs which is given every three months. The examinations are scored at the National Testing Center, and the applicants are ranked by their scores in descending order on a hiring register. Other factors, such as veteran's preference, can affect the score.

---

[1] In an Order filed August 25, 2005, the Court limited plaintiff's claim to the August 1999 non-selection.

When a vacancy at the Post Office occurs, the Personnel Department[2] in Little Rock prepares a hiring worksheet from the register, containing a list eligible names arranged in descending order by score.   The hiring worksheet is sent to the selecting official; in this case, it was Mable Anthony, a black female, who was born on November 1, 1945.  Anthony was the Postmaster of Marianna, Arkansas from June, 1994 to March 2003.

The selecting official has no access to the register and no input into who is on the hiring worksheet.

Anthony had a vacancy for an RCA on one of her rural routes in August, 1999. The Personnel Department prepared a hiring worksheet from the register and sent it to Anthony.  Three females and one male (plaintiff) were on the hiring worksheet.  Call-in notices were mailed by the Personnel Department in Little Rock to the four applicants at the addresses  they provided at the time of the examination.  The one to plaintiff was dated August 2, 1999, and  notified plaintiff that he had until August 9, 1999, to contact Anthony to make an appointment for an interview for the position.   Plaintiff's mailing address in August, 1999, was Rt. 2, Box 260, Marianna, AR 72360-9802.  Plaintiff failed to respond to the call-in notice.  The notice was not returned as undelivered or unclaimed. The code FTR (failed to respond) was placed by his name on the hiring worksheet.

Dawn Hinkle, another person on the hiring worksheet, also failed to respond to the call-in notice and the code FTR was placed by her name on the hiring worksheet. Stephanie Foreman, also on the hiring worksheet,  responded to the call-in notice but stated that she declined an interview, but requested that she be retained on the register for a position at a later date.

Postal regulation EL-311, section 264.71 provides that if an eligible applicant does not respond to a call-in notice, the applicant is eliminated from further consideration for the position. Under ELM-311, section 264.21, Anthony could either make a selection from

---

[2]The Personnel Department is also known as the Human Resources Office.

the hiring worksheet when only or two eligibles are available or request another hiring worksheet. Anthony interviewed Connie Broadway, a black female who was 30 years old. Anthony selected Broadway.  Broadway was the current temporary relief carrier for Marianna at the time Anthony selected her.  Broadway was on the hiring worksheet because she had taken the postal employment examination for RCAs and was ranked on the hiring register.

Anthony had first hired Broadway on a temporary appointment as a Casual in the Marianna Post Office on June 29, 1998, because Anthony needed help in the clerk area. Casuals are non-career limited term positions with the Postal Service.  While she was employed, Broadway served a dual appointment which allowed her to assist Anthony in the clerk area and the carrier areas.  After Broadway's appointment as a Casual expired, Anthony hired her as a temporary relief carrier.  Temporary relief carriers are used when a regular employee is not working in a position, such as being on extended sick leave, but the position has not been declared vacant so it cannot be permanently filled.

To establish a prima facie case of discrimination in a "failure to hire" case, plaintiff must establish that "(1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class." *Arraleh v. County of Ramsey,* 461 F.3d 967, 975 (8th Cir. 2006) "Once the plaintiff establishes his prima facie case, the employer may rebut the prima facie case by articulating one or more legitimate, nondiscriminatory reasons for its decision. This burden is not onerous, nor does the explanation need to be demonstrated by a preponderance of the evidence. If the employer presents a nondiscriminatory reason for its decision, the plaintiff is 'left with 'the opportunity to demonstrate that the proffered reason is not the true reason for the employment decision.' " *Id.* at 975-976 (citations omitted).

Assuming that "black male" is a protected class outside of just  race or sex, the Court finds that plaintiff has established a prima facie case.  Defendant has rebutted that

by establishing that plaintiff was not selected for the position because he failed to respond to the call-in notice. Plaintiff makes a number of assertions in an effort to show that defendant discriminated against him. He contends that he was never sent a call-in notice or that somehow the mail was not delivered.

There is no evidence to show that a call-in notice was not sent to the address Perry gave. He speculates that Anthony would have requested that a call-in notice not be sent, although he has presented no evidence to show that such was the case. As discussed below, Anthony was not involved in the sending of notices. Furthermore, he had been sent notices before and had interviews for other positions. He had an interview in the Marianna Post Office in 2000 and another interview in a different post office in 2005.

Even assuming that Perry did not get the call-in notice, he has not provided any evidence to support that the failure to mail the notice was discriminatory. The evidence reflects that call-in notices were sent by Debbie Mills, in Little Rock, who was Manager of Personnel for the Arkansas District. There is no evidence that Mills knew who Perry was, let alone his race.

He also contends that Broadway was able to take the postal examination noncompetitively and that the local Post Offices do not always post announcements of job openings. There is no evidence to support plaintiff's contention about Broadway. Additionally, these arguments are irrelevant. It is clear that plaintiff was able to apply for the August RCA position; it was the failure to respond to the call-in notice that resulted in his non-selection. Furthermore, he was treated no differently than a female who also failed to call in.

Moreover, there is no evidence to support plaintiff's contention that Anthony does not hire black males. While Postmaster in Marianna, Anthony hired nine black employees, 4 of whom were males. She also promoted one black male to Full time Rural Carrier and one black female to Full time Rural Carrier

"A plaintiff may survive the defendant's motion for summary judgment in one of two

-4-

ways. First, the plaintiff may present direct evidence of discrimination, which is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. When a plaintiff provides direct evidence of discrimination, the three-part McDonnell Douglas analysis is unnecessary. But if the plaintiff lacks evidence that clearly points to the presence of an illegal motive, he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the McDonnell Douglas analysis, including sufficient proof of pretext." *Id.* at 975 (citations and internal quotations omitted).   "[T]he ultimate burden falls on [plaintiff] to produce evidence sufficient to create a genuine issue of material fact regarding whether [defendant's] proffered nondiscriminatory justifications are mere pretext for intentional discrimination. *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1007 (8th Cir. 2005)

It is clear that plaintiff has failed to meet his burden. He has not presented any evidence to support a finding that defendant's failure to hire him was not the true reason. Furthermore, he has presented no evidence of retaliation. Although he filed previous EEO complaints, there is no evidence that Anthony knew of the complaints. As the evidence reveals, plaintiff was on the hiring worksheet. It was his failure to respond to the call-in notice that resulted in defendant's failure to hire him.   There is no evidence that Anthony had any role in sending out the notices and or t hat she knew who was on the hiring worksheet before she received it.   Plaintiff cannot defeat a motion for summary judgment by resorting to speculation. *See Twymon v Wells Fargo & Co. , 462 F. 2d 925, 034 (8th Cir. 2006).*

Because plaintiff has failed to demonstrate that USPS' proffered reason was false or a pretext for discrimination or retaliation, USPS is entitled to summary judgment.

Accordingly, the motion for summary judgment is granted and the complaint is hereby dismissed with prejudice.

IT IS SO ORDERED this 5th day of January, 2007.

                                                                      */s/ George Howard, Jr.*
                                                                       UNITED STATES DISTRICT JUDGE